# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.        Case No. 08-CR-35

**QUARTTERRI WILDER,**

      **Defendant.**

## RECOMMENDATION THAT THE DEFENDANT'S MOTION BE GRANTED

On January 15, 2008, the grand jury returned a two count indictment against Quartterri Wilder ("Wilder"), alleging in count one that Wilder possessed a firearm after having been previously convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2), and in count two that Wilder possessed ammunition after having been previously convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

On March 27, 2008, Wilder filed a motion in which he is requesting that the court order the government to choose to prosecute Wilder for either count one or count two. The basis for his motion is that the two counts arise from the same incident of possession, are thus multiplicitous and preclude a conviction on both counts. (Docket No. 9.) The government has responded, acknowledging that although Wilder can be convicted of only count one or two, it is free to present both counts to the jury. (Docket No. 10.) Wilder has not replied. The pleadings on the defendant's motion are closed and the matter is ready for resolution. A final pretrial conference is scheduled for May 16, 2008, and a jury trial is scheduled to commence on May 27, 2008, before the Honorable J.P. Stadtmueller.

According to the indictment, the alleged possession of the handgun (count one) and the ammunition (count two) occurred on October 28, 2007. Although not contained in the indictment, but set forth in both the defendant's motion and the government's response, the ammunition was loaded in the gun at the time of the defendant's alleged possession. The question presented by Wilder is whether the government may charge the defendant in two counts of possession arising out of the same incident.

The defendant's motion raises a Double Jeopardy Clause challenge, and in the context of possession of multiple firearms, the Seventh Circuit has been very clear. The Seventh Circuit recently stated, "We have held on numerous occasions that the Double Jeopardy Clause prohibits the government from separately *charging* possession of multiple firearms under 18 U.S.C. § 922 when the possession of the firearms in question was 'simultaneous and undifferentiated.'" United States v. Moses, 513 F.3d 727, 731 (7th Cir. 2008) (emphasis added) (citing United States v. Parker, 508 F.3d 434, 439-41 (7th Cir. 2007); United States v. Conley, 291 F.3d 464, 470 (7th Cir. 2002); United States v. Buchmeier, 255 F.3d 415, 423 (7th Cir. 2001); United States v. McKinney, 919 F.2d 405, 418 (7th Cir. 1990); United States v. Oliver, 683 F.2d 224, 233 (7th Cir. 1982); McFarland v. Pickett, 469 F.2d 1277, 1279 (7th Cir. 1972)).

The quoted statement from Moses is dicta, because in that case the multiple counts were allowed to stand, since the prosecution was brought under 26 U.S.C. § 5861(d), for which the "unit of prosecution" is not possession of a firearm, but registration. Moses, 513 F.3d at 732. Another example of multiple prosecution can be seen in Conley, where the court stated that "the Government may *charge* and convict an individual of multiple violations of § 922(g)(1) only if 'it can produce evidence demonstrating that the firearms were stored or acquired separately and at different times or places," 294 F.3d at 470 (emphasis added) (citing Buchmeier, 255 F.3d at 423; United States v. Horodner, 993 F.2d 191, 193 (9th Cir. 1993)).

There are also situations where multiple charges have gone forward, but only one conviction has been permitted. This is where the government presents multiple theories of violation. An example is seen in United States v. Parker, 508 F.3d 434 (7th Cir. 2007). In Parker, the defendant was charged with one count of being a felon in possession of a firearm and one count of being an illegal drug user in possession of a firearm. Both charges stemmed from a single incident of possession. No multiplicity challenge was made at trial, but on appeal, the court held that the defendant could not be convicted of two separate crimes because he was both a convicted felon and an illegal drug user who possessed a firearm, but it stated that "the government is free to pursue multiple theories of violation at trial." 508 F.3d at 440 (citing Ball v. United States, 470 U.S. 856, 860 n.7 (1985)).

In attempting to justify the present indictment, the government relies on Parker. While the case is arguably close to Parker, it differs in that the government is not really pursuing multiple theories of violation. In Parker, the government sought to convict the defendant for his possession, either as a felon, or as a drug user. As the Parker court noted, the defendant belonged to more than one disqualified class. Id. at 437.

Here, the defendant allegedly possessed a loaded firearm. Either he possessed it, or he did not; this does not place him in more than one disqualified class. There are no multiple theories as in Parker.

The government's reliance on Parker as support for its ability to charge the defendant with two counts of possession, in this court's opinion, fails to avoid the Double Jeopardy Clause's umbrella of protection. Therefore, the Seventh Circuit's prohibition against multiple charges for a single incident of possession of a firearm and ammunition applies. The government should be required to elect either count one or count two so as to avoid placing the defendant in double jeopardy.

Parenthetically, it seems that the government could have indicted Wilder with a single count alleging that he possessed a loaded firearm in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2). This would have permitted the government to pursue both the possession of the firearm and the possession of the ammunition at trial. Instead, the government is breaking the single act into two separate counts, placing its justification on the fact that the defendant can be convicted only once. Notwithstanding that such action runs counter to the Seventh Circuit's prohibition against multiple charging, going forward on these two counts has a more practical adverse effect.

A substantial risk of prejudice can inure to the defendant should both counts be presented to the jury. A jury that is presented with a defendant facing two seemingly separate charges may inappropriately believe that the defendant is somehow particularly more dangerous than a defendant who is charged with the same conduct but within only a single count. See United States v. Marquardt, 786 F.2d 771, 778 (7th Cir. 1986) (stating that presenting a multiplicitous indictment to the jury "may prejudice the jury against the defendant by creating the impression of more criminal activity on his part than in fact may have been present.") (citing United States v. Carter, 576 F.2d 1061, 1064 (3rd Cir. 1978); United States v. Gullett, 713 F.2d 1203, 1211-12 (6th Cir. 1983)).

> Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue. Compromise verdicts or assumptions that, with so many charges pending the defendant must be guilty on at least some of them, pose significant threats to the proper functioning of the jury system.

United States v. Clarridge, 811 F. Supp. 697, 702 (D.D.C. 1992); see also United States v. Webber, 255 F.3d 523, 527 (8th Cir. 2001) (stating the risk of prejudice resulting from a multiplicitous indictment being presented to the jury may warrant the court ordering the government to "elect among or consolidate counts at trial."); United States v. Reed, 639 F.2d 896, 905 n.6 (2d Cir. 1981) (stating that a court ordering election is "most appropriate when the mere making of the charges

would prejudice the defendant with the jury."); United States v. Phillips, 962 F. Supp. 200, 202 (D.D.C. 1997) ("[A]at least some of the harm from multiplicitous prosecution occurs during the course of the trial itself, and not merely at sentencing." (quoting United States v. Kinlaw, Cr. No. 96-478 (TFH) slip op. at 3 n.2. (D.D.C. Feb. 24, 1997))).

**IT IS THEREFORE RECOMMENDED** that the defendant's motion, (Docket No. 9), be **granted**, and that the government be required to elect to proceed on count one or count two.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 17th day of April, 2008.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge