# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                              Case No. 08-CR-35

QUARTTERRI WILDER,

        Respondent.

_____

## ORDER

On January 15, 2008, a grand jury sitting in this district returned a two count indictment charging Quartterri Wilder with firearm offenses in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On March 7, 2008, Wilder was arraigned before Magistrate Judge William Callahan, Jr., and entered pleas of not guilty to both counts. On March 27, 2008, Wilder filed a pretrial motion to compel the government to elect to prosecute under count one or count two, but not both. On April 17, 2008, Magistrate Judge Aaron Goodstein issued a report and recommendation to this court that Wilder's motion be granted. No objections were filed, and for the reasons set forth below, this court will adopt the recommendation in its entirety and direct that the government elect one of the counts on which to proceed to trial.

The basis of Wilder's motion is that the two counts charged in the indictment arise from the same incident of possessing a firearm and are, therefore, multiplicious. At count one of the indictment, Wilder is charged with being a felon in possession of a firearm and, at count two, Wilder is charged with being a felon in

possession of ammunition. Both counts charge that this alleged possession took place on October 28, 2008, and both parties acknowledge that the ammunition was loaded in the firearm at the time of the possession. The government argues that although the defendant may not be separately punished for both of these offenses, it is free to present both charges to a jury.

An indictment is multiplicious when it charges the same defendant with the same offense in several different counts. *United States v. Starks*, 472 F.3d 466, 468-69 (7th Cir. 2006). A multiplicious indictment may expose a defendant to multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment. *United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002). In the context of felon in possession of a firearm prosecutions, the Seventh Circuit has consistently held that the government may not separately charge possession of firearms under 18 U.S.C. § 922 when the possession was "simultaneous and undifferentiated." *United States v. Moses*, 513 F.3d 727, 731 (7th Cir. 2008) (citing *United States v. Parker*, 508 F.3d 434, 439-41 (7th Cir. 2007); *United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002); *United States v. Buchmeier*, 255 F.3d 415, 423; *United States v. McKinney,* 919 F.2d 405, 418 (7th Cir. 1990); *United States v. Oliver,* 683 F.2d 224, 233 (7th Cir. 1982); *McFarland v. Pickett*, 469 F.2d 1277, 1279 (7th Cir. 1972)). The Seventh Circuit has further concluded that a single incident of possession of a firearm and ammunition cannot support multiple convictions. *See Oliver*, 683 F.2d at 233. The government may only charge and

convict a defendant of multiple § 922 violations if it "can produce evidence demonstrating that the firearms were stored or acquired separately and at different times or different places." *Conley,* 291 F.3d at 470 (7th Cir. 2002).

With the benefit of these factors, the court finds the indictment to be multiplicious. Here, the possession of the firearm and the ammunition was "simultaneous and undifferentiated"; the possession occurred at the same time and appears to arise from the same incident and transaction. The government, citing the Seventh Circuit's opinion in *Parker*, argues that it may present multiple theories constituting a violation to the jury, even if only one conviction may be obtained. The court finds that the government's reliance on *Parker* to be misplaced. In *Parker,* the Seventh Circuit, citing to sister circuits, noted that "§ 922(g) cannot support multiple convictions based on a single firearm possession because the allowable unit of prosecution is the incident of possession, not the defendant's membership in a class (or classes) of persons disqualified from possession." *Parker*, 508 at 440 (citing *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006)). Therefore, although the government would theoretically be allowed to present multiple theories of how Wilder qualifies as a prohibited person (the defendant in *Parker* was an illegal drug user and a convicted felon), the government in this instance is not pursuing multiple theories of a violation and is not within the exceptions set forth in *Parker.*

However, all is not lost for the government; a multiplicious indictment is not fatal and does not require outright dismissal. 1A Charles A. Wright, Federal Practice

and Procedure, § 145 (3d Ed.). When a court determines that an indictment is multiplicious prior to trial, requiring the government to elect between the counts is an accepted remedy and within the discretion of the court. *See United States Phillips*, 962 F. Supp. 200, 201 (D.D.C. 1997). In determining whether or not this is an appropriate remedy, the court should consider that "at least some of the harm from multiplicious prosecution occurs during the course of the trial itself." *Id.* at 202.

The court concurs with Magistrate Goodstein's recommendation that allowing the government to present both charges to a jury would be unduly prejudicial. This circuit has stated that presenting a multiplicious indictment to a jury "may prejudice the jury against the defendant by creating the impression of more criminal activity on his part than in fact may have been present." *See United States v. Marquardt,* 786 F.2d 771, 778 (7th Cir. 1986). Wilder's single possession of a loaded firearm, presented in two counts rather than a single count, may "falsely suggest to a jury that a defendant has committed not one but several crimes." *United States v. Clarridge*, 811 F. Supp. 697, 702 (D.C.C. 1992). Therefore, the court concludes that allowing the government to present both charges would adversely and unfairly prejudice Wilder, and the appropriate remedy for the multiplicious indictment requires that the government elect a single count on which to proceed.

Accordingly,

**IT IS ORDERED** that Magistrate Goodstein's Recommendation [Docket #11] be and the same is **ADOPTED**; and

-4-

**IT IS FURTHER ORDERED** that Wilder's motion to compel the government to elect to proceed on count one or count two [Docket #9] be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge